In re Walter D. MacKAY, Debtor.

**Robert P. Sheils, Jr., Esquire, Chapter 7 Trustee, Objector**

v.

**65248 Canada Ltd., Claimant.**

**No. 5–02–bk–01057.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 12, 2007.

William G. Schwab, William G. Schwab and Associates, Lehighton, PA, for Debtor.

Jill M. Spott, Sheils Law Associates, PC, Clarks Summit, PA, for Objector.

### *OPINION*[1]

JOHN J. THOMAS, Bankruptcy Judge.

The instant matter presents two Objections by the Chapter 7 Trustee to Claim No. 1 and 2, both filed by an entity known as 165248 Canada, Ltd. The sole objection filed to each of the referenced claims is that each claim is filed in Canadian currency. The Trustee's position is that each claim must be converted to an appropriate exchange rate as of the date of the filing of the bankruptcy petition under Chapter 7; namely, March 15, 2002. The claimant responds that the filing date is not the appropriate date in which to measure the exchange rate from Canadian into United States dollars.[2]

For his part, the Trustee's argument is relatively straightforward. He directs our attention to 11 U.S.C. § 502(b) which reads, in pertinent part, as follows:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim **in lawful currency of the United States as of the date of the filing of the petition,** and shall allow such claim in such amount . . .

The Trustee has further cited several cases in his brief in support of the proposition that the claims should be liquidated as of the date of the petition. This Court agrees that it must determine the amount of the claims as of the petition date, but the cases cited by the Trustee and § 502(b) do not answer the underlying question as the appropriate date to determine the exchange rate.

I find the following in the Restatement of the Law 2nd, Conflicts of Laws, § 144:

> § 144. Time for Converting Foreign Currency into Local Currency
>
> When in a suit for the recovery of money damages the cause of action is governed by the local law of another state, the forum will convert the currency in which recovery would have been granted in the other state into local currency as of the date of the award.

I further find at Comment G to Section 144 that "in enforcing a foreign nation judgment expressed in a foreign currency, a court of a state of the United States will convert the foreign currency into dollars as of the date of its own judgment." See also, *Die Deutsche Bank Filiale Nurnberg v. Humphrey,* 272 U.S. 517, 47 S.Ct. 166, 71 L.Ed. 383 (1926); *In re Good Hope Chemical Corporation,* 747 F.2d 806 (1984); *Nikimiha Securities Ltd. v. The Trend Group Ltd.,* 646 F.Supp. 1211 (1986); *In re National Paper & Type Company of Puerto Rico,* 77 B.R. 355 (Bkrtcy.D.Puerto Rico 1987).

Attached to both claim number 1 and 2 are praecipes filing and indexing two foreign judgments directed to the Prothonotary of Luzerne County, Pennsylvania,

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

2. At the time of hearing, the representative of the claimant indicated that the claimant had no responsibility to provide citations to support its position that the filing date was not the appropriate date to determine the exchange rate. Furthermore, the parties were ordered to file briefs on or within thirty days of the date of the hearing date and the docket reflects that the claimant did not file a brief in support of its position.

pursuant to the Uniform Foreign Money Judgments Recognition Act, 42 P.S. § 22001, et seq., dated and file stamped January 21, 2000. Both foreign judgments are in favor of the Claimant and against the captioned Debtor. Noteworthy is that the Trustee has not challenged the filing of the foreign judgments with the Prothonotary of Luzerne County under any of the provisions of the aforementioned Uniform Foreign Money Judgment Recognition Act or the Uniform Enforcement of Foreign Judgments Act found at 42 Pa.C.S.A. § 4306. Based upon the provisions of the Restatement of Conflicts of Laws referenced above and the cited case law, I find that the date for purposes of determining the appropriate exchange date is January 21, 2000, the date the foreign judgment was recorded and indexed in Pennsylvania.

At the conclusion of the hearing on this matter, I indicated that I would take the question of the appropriate exchange date under advisement and after a decision was rendered, a hearing on a determination of the exchange rate would be set. The parties are hereby directed to confer with each other in an effort to determine whether they can agree upon an appropriate exchange rate for Canadian currency to United States currency for January 21, 2000. If the parties cannot agree as to the appropriate exchange rate, the Court will hold a hearing on that matter on *Thursday, December 6, 2007,* at *9:30* o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes–Barre, Pennsylvania.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that the Court has determined that the appropriate date to be used to exchange Canadian currency into United States currency for purposes of establishing the claims of 165248 Canada, Ltd. is January 21, 2000.

**IT IS FURTHER ORDERED** that a hearing on the appropriate exchange rate will be heard on *Thursday, December 6, 2007,* at *9:30* o'clock A.M. in Bankruptcy Courtroom No. 2, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes–Barre, Pennsylvania.